**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

EARLENE H. WALLS,

      Plaintiff,

v.                                                                    Civ. No. 09-454 RHS/LFG

THE PAUL REVERE LIFE INSURANCE
COMPANY, et al.,

      Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

THIS MATTER comes before the Court on consideration of Defendants' Motion for Summary Judgment and Brief in Support ("Motion"), filed October 13, 2009 **[Doc. 23]**. The Court held a hearing on Defendants' Motion on April 16, 2010. Having considered the parties' submittals, counsels' oral argument, the relevant authorities and being otherwise advised in the premises, the Court finds that Defendants' Motion will be granted in part and denied in part.

*Summary Judgment Standard*

Summary judgment is appropriate "if . . . there is no genuine issue as to any material fact[1] and . . . the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56 ("Rule") (c). Under Rule 56(c), the moving party "*always* bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."

---

[1] "Material facts" are "facts which might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "All material facts set forth in the statement of the movant will be deemed admitted unless specifically controverted." D.N.M.LR-Civ. 56.1(b).

Reed v. Bennett, 312 F.3d 1190, 1194 (10th Cir. 2002) (emphasis in original) (citation omitted). In considering a motion for summary judgment, the court reviews the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party. Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996).

*Background*[2]

New England (now Met Life) issued three individual disability insurance policies ("Policies") to Plaintiff with effective dates of 1986, 1987 and 1988. In July of 1998, Plaintiff filed a disability claim under the Policies. After paying the claim for a period of time, New England eventually informed Plaintiff by letter dated December 16, 1998, that benefits were no longer payable beyond September 22, 1998. Plaintiff sent a letter dated December 29, 1998 inquiring into a reconsideration of her claim. In a letter dated March 10, 1999, Plaintiff was informed that a review of additional documentation "has not changed our determination made in December of 1998. Therefore, we are unable to consider further benefits for you."[3] (METCL00604, Ex. 3 of Ex. A, Defendants' Appendix in Support of Motion ("Appendix"), filed Oct. 13, 2009 **[Doc. 24]**).

On May 18, 2006, Plaintiff received a letter informing her that she was eligible to participate in a reassessment of the previous claim decision, utilizing a reassessment process "that is essentially the same as that provided under the R[egulatory] S[ettlement] A[ssessment]

---

[2] Background information is obtained primarily from that presented in Defendants' Motion. Although Plaintiff contends that "Defendants' Statement of Undisputed Facts is . . . incomplete[,]" she concedes that it is accurate. (Plaintiff's Response in Opposition to Defendants' Motion ("Response") at 4, filed Nov. 4, 2009 **[Doc. 32]**).

[3] In the same letter, Plaintiff was also informed that her policies had lapsed due to non-payment of premiums.

[Agreement]."[4]  (NELMS00033, Ex. 3 of Ex. A, attached to Appendix).  On May 31, 2006, Plaintiff completed a Request to Participate Form indicating her request to have her claim reassessed.  (See METCR 00940, Appendix).  By letter dated June 7, 2006, Plaintiff was enrolled into the reassessment process and informed that the process could take up to twenty-four (24) months.  (NELMS 00005, Appendix).  By letter dated February 28, 2007, Plaintiff was informed that Paul Revere was ready to begin a reassessment of her claim.  (See NELMS 00006).  In that letter, Plaintiff was requested to complete a Reassessment Information Form ("RIF") and advised that she "must sign the [RIF] in each of the indicated places."  (Id.).[5] Plaintiff was also informed that if the completed RIF was not received within a specified timeframe, "we will assume that you no longer wish to participate in the Claim Reassessment Process and your claim will remain closed."  (Id. at 00007).  Plaintiff completed and returned the RIF.

By letter dated September 26, 2007, Ms. Beth Gould of New England Financial notified Plaintiff that the reassessment was complete and "[w]e have determined that the original decision to deny your claims was appropriate."  (METCR 00986, Appendix).  On April 7, 2009,

---

[4]The letter explained that "[a]s part of a multistate settlement with the insurance regulators and the United States Department of Labor (the "DOL"), Paul Revere, Provident Life and Accident Insurance Company, Provident Life and Casualty Insurance Company, First UNUM Life Insurance Company and UNUM Life Insurance Company of America (the "Companies") have agreed to implement a Claim Reassessment Process.  [However,] [c]laimants who were not insured under the disability policies issued directly by the Companies [such as Plaintiff] were not covered by the terms of the Regulatory Settlement Assessment Agreement ("RSA")."  (NELMS00033, Ex. 3 of Ex. A, attached to Appendix).

[5]In completing the RIF, Plaintiff signed a "Conditional Waiver and Release" indicating her understanding that her "participation in the Claim Reassessment Process will not revive or reinitiate the statute of limitations with respect to the previous claim decision."  (METCR 00907, Appendix).

Plaintiff filed a lawsuit against Defendants in the Second Judicial District of New Mexico. (See Ex. C, Appendix). Defendants removed this civil proceeding to the United States District Court for the District of New Mexico on May 8, 2009. (See Notice of Removal **[Doc. 1]**).

*Discussion*

Defendants contend that Plaintiff's claims are time-barred because the denial of her disability claim "occurred, at the latest, by letter dated March 10, 1999." (Motion at 13 (footnote omitted)). Thus, Defendants argue that Plaintiff's lawsuit, filed more than ten years after that date, should be dismissed because the applicable statute of limitations had expired. Defendants also argue that Plaintiff cannot use any "alleged violations of the RSA as a back door to avoid the expired limitations period." (Motion at 14 (footnote omitted)).

In response, Plaintiff concedes that any claims against Defendants arising from the denial or termination of her disability benefits in 1998/1999 are barred by the statute of limitations. Plaintiff also concedes that she is not a party to the RSA and "is not attempting to enforce the RSA itself . . . ." (Response at 14). Accordingly, the Court will grant Defendants' motion for summary judgment and dismiss Plaintiff's claims to the extent the claims are based on the 1998/1999 denial of Plaintiff's disability benefits and to the extent the claims constitute an attempt to enforce the RSA as a party thereto.

However, Plaintiff apparently argues that her claims are not time-barred because they are based solely on Defendants' conduct and events that occurred in 2006-2007 associated with the reassessment of the 1998/1999 denial of Plaintiff's disability benefits. To the extent that Plaintiff's claims are based on events and conduct that occurred in 2006-2007, the Court agrees that the statute of limitations would not appear to bar such claims. Accordingly, the Court will deny Defendants' motion for summary judgment and will not dismiss Plaintiff's claims as time-

barred to the extent that they are based on events and conduct that occurred in 2006-2007.

The Court notes that the parties disagree as to whether any contractual obligations arose and/or existed with respect to the 2006-2007 reassessment, whether Defendants violated any obligations to Plaintiff in conducting the reassessment, and whether Plaintiff adequately pled such claims. However, the parties' arguments are not fully developed on these issues and the Court lacks sufficient information at this juncture to make a determination regarding the same. Thus, the Court will deny Defendants' motion for summary judgment without prejudice to Defendants' right to file an appropriate motion on these grounds.

WHEREFORE,

IT IS ORDERED that Defendants' Motion for Summary Judgment and Brief in Support **[Doc. 23]** is **granted in part** and **denied in part** as set forth above.

IT IS FURTHER ORDERED that the stay entered in this case on October 21, 2009 **[Doc. 29]** is hereby lifted.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE